UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINE PANZELLA, Individually and
On Behalf of a Class of All Other Persons
Similarly Situated,

                Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL J. SPOSATO, Individually and in his
Official Capacity, ROBERT MASTROPIERI,
Individually and in his Official Capacity,
UNKNOWN SHERIFF #1, with Shield # 116,
and UNKNOWN SHERIFFS #2 through 4,

                Defendants.
----------------------------------------------------------X

ORDER
13-CV-5640 (SJF)(SIL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 22 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J:

On October 11, 2013, plaintiff Christine Panzella ("plaintiff") commenced this civil rights action against County of Nassau ("Nassau County"), Nassau County Sheriff's Department ("Nassau County Sheriff"), Michael J. Sposato, Robert Mastropieri, Unknown Sheriff #1, with Shield # 116, and Unknown Sheriffs #2 through 4 (collectively, "defendants"), challenging the defendants' retention of plaintiff's longarms following the expiration of a court order pursuant to which such longarms were confiscated by defendants.

On December 4, 2014, plaintiff filed a motion for class certification pursuant to Federal Rule Civil Procedure 23 [Docket Entry No. 64 (the "Motion for Class Certification")], accompanied by a cover letter directed to Magistrate Judge Steven I. Locke [Docket Entry No. 65]. As a dispositive motion, the Motion for Class Certification was improperly directed to Magistrate Judge Locke, rather than to the undersigned. *See Kiobel v. Millson*, 592 F.3d 78, 88

(2d Cir. 2010) ("plaintiffs' motion for class certification was referred to the magistrate judge for a report and recommendation; the disposition of that motion was unquestionably beyond the authority of a magistrate judge under 28 U.S.C. § 636(b)(1)(A)"); *Harper v. Gov't Emps. Ins. Co.*, No. 09-civ-2254, 2011 WL 4963770, at *1 (E.D.N.Y. Oct. 18, 2011) ("A motion to authorize a collective action, unlike a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, is a non-dispositive motion upon which a Magistrate Judge has authority to rule."); 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion…to dismiss or to permit maintenance of a class action").

For the reasons set forth at the September 10, 2014 conference, the Motion for Class Certification is hereby DENIED without prejudice to renewal following this Court's decision on the parties' forthcoming cross-motions for summary judgment.

SO ORDERED.

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 22, 2014
       Central Islip, New York