UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTINE PANZELLA, Individually and
On Behalf of a Class of All Other Persons
Similarly Situated,

                           Plaintiff,

                           ORDER
     -against-                       13-CV-5640 (SJF)(SIL)

COUNTY OF NASSAU, NASSAU
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL J. SPOSATO, Individually and in his
Official Capacity, ROBERT MASTROPIERI,
Individually and in his Official Capacity,
UNKNOWN SHERIFF #1, with Shield # 116,
and UNKNOWN SHERIFFS #2 through 4,

                           Defendants.
-----------------------------------------------------------X

FEUERSTEIN, J:

I.    BACKGROUND

On October 11, 2013, plaintiff Christine Panzella ("plaintiff") commenced this civil rights action against County of Nassau ("Nassau County"), Nassau County Sheriff's Department ("Nassau County Sheriff"), Michael J. Sposato, Robert Mastropieri, Unknown Sheriff #1, with Shield # 116, and Unknown Sheriffs #2 through 4 (collectively, "defendants"), challenging defendants' retention of plaintiff's longarms following the expiration of a court order pursuant to which such longarms were confiscated by defendants. [Docket Entry No. 1 (the "Complaint")]. On November 27, 2013, defendants filed a motion to dismiss pursuant to Federal Rule 12(b)(6) [Docket Entry No. 18] which the Court converted into a motion for summary judgment on December 6, 2013 [Docket Entry No. 27], and terminated with leave to reopen on July 9, 2014 [Docket Entry No. 44]. On November 21, 2014, defendants filed their answer to the Complaint.

1

[Docket Entry No. 56 (the "Answer")]. On November 26, 2014, the parties served their notices for cross-motions for summary judgment [Docket Entry Nos. 59, 61], and plaintiff filed a letter motion to strike defendants' Answer in its entirety based on untimeliness pursuant to Federal Rules of Civil Procedure 55(c) and 12(a)(4)(A), or, in the alternative, to strike the Answer's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and seventeenth affirmative defenses pursuant to Federal Rules of Civil Procedure 12(f) & (h). [Docket Entry No. 60 ("Pl. Motion to Strike")]. Defendants opposed plaintiff's Motion to Strike, arguing that plaintiff was not prejudiced by defendants' Answer, and that the Court should proceed to render judgment on the parties' cross-motions for summary judgment once those motions are fully briefed. [Docket Entry No. 62 ("Def. Opp. to Motion to Strike")]. For the reasons set forth below, plaintiff's Motion to Strike is granted in part and denied in part.

II. DISCUSSION

    A.    Timeliness of Defendants' Answer

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), after a Court denies or postpones a motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Here, the Answer was untimely as it was filed more than fourteen (14) days after this Court's termination of defendants' motion on July 9, 2014. Fed. R. Civ. P. 12(a)(4)(A). While some courts in this circuit consider "[t]he filing of a late answer ... analogous to a motion to vacate a default" (*John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992)), given defendants' participation in this action and the "[s]trong public policy favor[ing] resolving disputes on the merits" (*American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)); the Court denies plaintiff's request to strike the Answer based on untimeliness. *See Scott v. WorldStarHipHop, Inc.*, No. 10-civ-9538, 2012 WL 5835232, at *1

(S.D.N.Y. Nov. 14, 2012) (allowing a untimely answer to stand given the Second Circuit's "preference for district courts to resolve cases on the merits" and the fact that the delay did not cause significant prejudice to plaintiff (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)); *Alli v. Steward-Bowden*, No. 11-civ-4952, 2012 WL 3711581, at *3 (S.D.N.Y. Aug. 24, 2012) *report and recommendation adopted*, No. 11-civ-4952, 2012 WL 4450987 (S.D.N.Y. Sept. 25, 2012) (denying plaintiff's motion to strike defendants' answer as untimely and for a judgment of default "given the public policy favoring the resolution of disputes on the merits, and that judgment by default is a drastic remedy to be applied only in extreme circumstances").

B. Affirmative Defenses Nine, Ten, Eleven and Twelve

Rule 12(f) of the Federal Rules of Civil Procedures provides, in relevant part, that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) (quoting 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.37[3] (3d ed. 2010)); *see also Lynch v. Southampton Animal Shelter Foundation Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." (quotations and citations omitted)). While "[m]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute" (*Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 143 (E.D.N.Y. 1987)), "where the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial, the Court may order it stricken." *Velez v. Lisi*, 164

F.R.D. 165, 166 (S.D.N.Y. 1995) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

The Court hereby grants plaintiff's motion to strike affirmative defenses nine (9), ten (10), eleven (11) and seventeen (17), which allege that plaintiff has "failed to mitigate her damages" (Answer ¶ 152), that any damages sustained by plaintiff were "through and by virtue of the conduct of parties other than the defendants" (Answer ¶ 153) or "through and by virtue of the negligent conduct of plaintiff" (Answer ¶ 154), and that plaintiff's "recovery should be reduced and diminished to the degree of comparative negligence or wrongfulness of plaintiff contributing to such damages." Answer ¶ 160. Plaintiff argues that these defenses are "immaterial, highly scandalous or prejudicial and have no possible bearing on this case" because they "are based upon comparative fault and negligence, legal theories not raised in the motion to dismiss, and not applicable to any of the claims in this case." Pl. Motion to Strike, at 3. The Court agrees that these affirmative defenses relating to plaintiff's alleged failure to mitigate her damages and/or any alleged comparative fault or negligence on the part of plaintiff or parties other than defendants are not relevant to the claims in this action, and requiring plaintiff to defend against these immaterial and impertinent defenses would be prejudicial to plaintiff. Therefore, plaintiff's request to strike affirmative defenses nine (9), ten (10), eleven (11), and seventeen (17) pursuant to Federal Rule of Civil Procedure 12(f) is granted.

C. Affirmative Defenses Twelve, Thirteen, Fourteen and Fifteen

The Court denies plaintiff's request to strike the affirmative defenses twelve (12), thirteen (13), fourteen (14) and fifteen (15), which allege that plaintiff failed to comply with the

4

requirements of General Municipal Law Sections 50-e, 50-h, 50-i and New York County Law Section 52.[1] Answer ¶¶ 155-158.

The twelfth, thirteenth, fourteenth and fifteenth affirmative defenses are not facially immaterial or impertinent, they are sufficiently stated pursuant to Federal Rule of Civil Procedure 8(c)(1)[2] and the Court declines to find these affirmative defenses, which plaintiff argues "deal with jurisdiction, and insufficient process or service of process issues" are waived under Federal Rule of Civil Procedure 12(h) due to defendants' failure to raise these defenses in their motion to dismiss. Pl. Motion to Strike, at 3. While under Federal Rule of Civil Procedure Rule 12(h), a party waives any defense listed in Rule 12(b)(2)-(5) "by failing to assert [such a defense] in a pre-answer motion to dismiss or the first responsive pleading" (*Fed. Nat. Mortgage Ass'n v. I.R.S.*, No. 98-civ-5174, 2001 WL 260076, at *3 (E.D.N.Y. Jan. 17, 2001); *see also* Fed. R. Civ. P. 12(h)(1)), the twelfth, thirteenth, fourteenth and fifteenth affirmative defenses asserted here are not waived; compliance with General Municipal Law § 50-e, 50-i, and 50-h is a "predicate to the assertion of a tort claim" and "the failure of the [defendant] to plead the absence of such a claim as an affirmative defense is not a waiver of the defense." *Bick v. City of New*

---

[1] "New York County Law § 52 provides that in order to maintain an action for damages against 'the county, its officers, agents, servants or employees,' the plaintiff must comply with N.Y. Gen. Mun. Law § 50–e." *Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006).

[2] While plaintiff argues that these "conclusory affirmative defenses…contain no factual support or context" (Pl. Motion to Strike, at 3), defendants have satisfied Federal Rule of Civil Procedure 8(c)(1) "which governs pleading affirmative defenses, [and] only requires a party to 'state' the defense." *Scott*, 2012 WL 5835232, at *3; *see also Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12-civ-5105, 2014 WL 3950897, at *3 (S.D.N.Y. Aug. 13, 2014) ("to survive plaintiff's motion [to strike affirmative defenses pursuant to Rule 12(f)], defendants must only state their affirmative defenses pursuant to Rule 8(c) and need not meet the plausibility standard of *Twombly* and *Iqbal*"); *Hon–Hai Precision Indus. Co., Ltd. v. Wi-LAN, Inc.*, No. 12-civ-7900, 2013 WL 2322675, at *9 (S.D.N.Y. May 28, 2013) ("The majority of district courts in this Circuit to consider the issue have held that affirmative defenses are not subject to the pleading standard of *Twombly*."); *Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 515-16 (E.D.N.Y. 2013) ("This Court concludes that the pleading standards announced in *Twombly* do not apply to affirmative defenses…There is no requirement under Rule 8(c) that a defendant plead any facts at all.").

*York*, No. 95-civ-8781, 1997 WL 639236, at *1 (S.D.N.Y. Oct. 14, 1997); *see also Fodelmesi v. Schepperly*, No. 87-civ-6762, 1993 WL 127211, at *6 n.7 (S.D.N.Y. Apr. 20, 1993) (finding plaintiffs' contention "that the § 50-h defense [was] not available to these defendants because they failed to assert this defense in their successful pre-answer motions to dismiss" and thus defendants' §50-h defense was waived, was "not support[ed]" by "New York decisional law"); *E. Williamson Roofing & Sheet Metal Co. v. Town of Parish*, 139 A.D.2d 97, 106, 530 N.Y.S.2d 720, 726 (N.Y. App. Div. 4th Dept. 1988) ("failure to allege compliance [with General Municipal Law § 50-e] is not an affirmative defenses to be raised by the [defendant], is not waived by the [defendant's] failure to raise it in the answer and may be considered for the first time on appeal"). Therefore, the Court denies plaintiff's request to strike the twelfth, thirteenth, fourteenth and fifteenth affirmative defenses.

III. CONCLUSION

For the reasons set forth above, plaintiff's motion to strike the Answer in its entirety based on untimeliness is denied. Plaintiff's motion to strike affirmative defenses nine (9), ten (10), eleven (11) and seventeen (17) is hereby granted. Plaintiff's motion to strike affirmative defenses twelve (12), thirteen (13), fourteen (14) and fifteen (15) is denied without prejudice.

SO ORDERED.

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: January 15, 2015
Central Islip, New York