UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTINE PANZELLA,

                                   **ORDER**
               Plaintiff,                   13–CV–5640 (JMA) (SIL)

             v.

COUNTY OF NASSAU; NASSAU COUNTY
SHERIFF'S DEPARTMENT; MICHAEL J.
SPOSATO, individually and in his official
capacity; ROBERT MASTROPIERI,
individually and in his official capacity;
UNKNOWN SHERIFF #1, with Shield #116;
and UNKNOWN SHERIFFS
#2 through 4,

               Defendants.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Currently pending before the Court are the parties' cross-motions for summary judgment. On the current record, the policies and practices of the Sheriff's Department concerning the retention of plaintiff's longarms are unclear. Accordingly, the Court directs defendants to respond to the following questions by July 24, 2015:

1) The Sheriff's Department admits that it has a policy and practice of not returning longarms "confiscated pursuant to § 842-a" until a court directs the return of the longarms (hereinafter referred to as the "§ 842-a Retention Policy"). The § 842-a Retention Policy clearly applies when, as in <u>Dudek</u>, the Family Court's Order explicitly directs the respondent to surrender her longarms.

   Does the Sheriff's Department have a policy or practice of applying the § 842-a Retention Policy to situations where, as here:

       a) the Family Court Order includes a warning that it is a "federal crime to . . . possess [longarms] . . . while this Order remains in effect," but does not explicitly order the respondent to surrender longarms; *and*

       b) the Family Court Order has expired or has been dismissed or vacated?

1

2) Apart from the § 842-a Retention Policy, what, if any, policies or practices does the Sheriff's Department have for retaining longarms where:

    a) a respondent's longarms were seized or surrendered in connection with a Family Court Order that includes a warning that it is a "federal crime to . . . possess [longarms] . . . . while this Order remains in effect," but does not explicitly order the respondent to surrender longarms; *and*

    b) the Family Court Order has expired or has been dismissed or vacated?

**SO ORDERED.**

Dated: July 17, 2015
Central Islip, New York

                                                /s/   (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE