EDWARD P. MANGANO  
County Executive

CARNELL T. FOSKEY  
County Attorney

RALPH J. REISSMAN  
Deputy County Attorney



COUNTY OF NASSAU  
OFFICE OF THE COUNTY ATTORNEY  
One West Street  
Mineola, New York 11501-4820  
TEL. 516-571-3046  FAX 516-571-3058

September 4, 2015

Via ECF  
Hon. Joan M. Azrack  
United States District Court  
100 Federal Plaza  
Central Islip, NY  11722

Re:  Panzella v. County of Nassau  
13-CV-5640 (JMA)(SIL)

Dear Judge Azrack:

This office represents defendants, County of Nassau, Nassau County Sheriff's Department, Nassau County Sheriff Michael Sposato, and Deputy Sheriff Robert Mastropieri in the above-referenced action.  As directed by the Court in an order issued September 1, 2015 defendants respectfully request a pre-motion conference in order to move for reconsideration under Local Rule 6.3 of the Court's August 26, 2015 Memorandum and Order [DE 79] (the "Decision").  In addition, defendants respectfully request that the Court stay the hearing directed at p. 21 of the Decision pending (a) determination of defendants' motion for reconsideration and (b) determination of defendants' appeal from the Decision to the Second Circuit, for which a Notice of Appeal has already been filed [DE 80].

The focus of defendants' motion for reconsideration is that the Court has directed the Sheriff's Department to "hold a due process hearing consistent with the criteria set forth in" *Razzano v. Cnty. of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011).  The *Razzano* case is factually distinguishable from this action, and the *Razzano* court's direction to the Nassau County Police Department to hold a post-deprivation hearing does not apply here to the Sheriff's Department.

In contrast to *Razzano*, the Sheriff's Department did not confiscate plaintiff's weapons based on assessment of the danger presented, which caused the Family Court to issue Temporary Orders of Protection ("TOP") against plaintiff under Article 8 of the Family Court Act.  Rather, the Sheriff's Department made no assessment of the danger presented by plaintiff, but merely

enforced the language of the TOP (including the language of the federal law) and secured plaintiff' weapons for safekeeping. In fact, unlike the situation in *Razzano* wherein the Police Department made the assessment of danger Mr. Razzano presented, the Sheriff's Department has no knowledge of any of the facts or allegations made in the Family Court proceeding against plaintiff which resulted in the Family Court Judge directing confiscation. Further, Family Court records are sealed, thereby preventing the Sheriff's Department from investigating the circumstances, facts or parties involved which resulted in the TOP.

Unlike the Police Department, which has the authority to regulate the issuance of and revocation of handguns under New York Penal Law §400.00, and conduct hearings if so desired, the Sheriff's Department has absolutely no statutory authority under any statute, regulation or local law to conduct a hearing. The Sheriff's Department does not have any subpoena power to secure necessary parties or witnesses, or any authority to take testimony under oath. Therefore, the Sheriff's Department would not be able to conduct a hearing that comports with either procedural or substantive due process.

The Sheriff's Department has no authority to seek any medical or mental health provider information regarding the individual who seeks return of her weapons, such as some form of documentation certifying that the individual is of sound mental health. The Sheriff's Department has no authority to compel such individual to provide HIPPA releases, and nobody employed by the Sheriff's Department is capable of rendering a professional judgment as to the individual's mental health justifying return of her weapons. Again, it was the Family Court, not the Sheriff's Department, which assessed and judged the danger presented by plaintiff in 2012. The existing "legislative glitch" which fails to provide Family Court the power to order return of the confiscated weapons, *e.g., see Aloi v. Nassau Cnty. Sheriff's Dept.*, 800 N.Y.S.2d 873 (Sup. Ct. Nassau Cnty. 2005) does not compel the conclusion that the Sheriff's Department is in the equivalent position of a Family Court Judge to assess the fitness of a gun owner to have her weapons returned. There is no statutory authority for the Sheriff's Department to make that assessment, whether by holding a hearing or otherwise.

By directing the Sheriff's Department to make a decision based on a hearing with no statutory authority, the Court is transferring liability from persons who enjoy judicial immunity under the law regarding the confiscation of weapons, *i.e.*, Family Court judges acting pursuant to the Family Court Act, to the Sheriff's Department. However according to the Court, the Sheriff's Department does *not* enjoy such immunity due solely to the expiration or revocation of the Family Court Order of Protection which, as the Court correctly notes, may not be a disposition on the merits.

Further grounds for reconsideration are the Court's conclusion that "The Family Court did not expressly order plaintiff to surrender (or defendants to confiscate) her longarms pursuant to § 842-a or pursuant to federal law" since, according to the Court, "the Family Court's orders did not include the explicit surrender provision found in the Temporary Order of Protection Form or otherwise invoke § 842-a." Decision, p. 13. The Family Court orders of June 22, 2012 and November 27, 2012 expressly refer to, and rely upon "Article 8 of the Family Court Act." ECF Nos. 75-6 and 74-12. Obviously, § 842-a, and the express language contained therein directing

2

the surrender of firearms when a TOP is issued, is contained in Article 8. Respectfully, it is a strained reading indeed to interpret the Family Court orders referencing and relying upon the entirety of Article 8, including the surrender language of §842-a, as "not expressly order[ing] plaintiff to surrender (or defendants to confiscate) her longarms[.]" The clear purpose of the statute is to protect the safety of the Family Court petitioner from harm which could be caused by a respondent owning and using dangerous firearms. There is no valid reason to interpret the Family Court orders as lacking the proper authority under both state and federal law directing the surrender and confiscation of plaintiff's longarms. That is simply a misreading of the statue and the Family Court orders, and should be reversed on reconsideration.

It is further a wrong conclusion to characterize the federal warning language contained in the Family Court orders as "a mere admonition." Decision, p. 13. This statutory language is, again, intended to protect the Family Court petitioner and others from being harmed by a respondent's ownership of firearms, by making it a federal crime for the respondent to possess firearms. To call this mandate a "mere admonition" and further, to belabor the issue of whether this federal language is placed above or below the Family Court Judge's signature, Decision, p. 7 n 8, is to belittle the serious intent of both Article 8 and the federal law meant to protect the public safety. This is again a strained reading amounting to misinterpretation of both statutes to reach a desired end, namely, to find a Fourteenth Amendment violation against defendants where none is warranted.

**Conclusion**

For all the foregoing reasons, defendants respectfully request permission to file a motion for reconsideration of the Court's Decision. Further, defendants respectfully request that the Court stay the hearing directed in the Decision pending (a) determination of defendants' motion for reconsideration and (b) determination of defendants' appeal from the Decision to the Second Circuit, for which a Notice of Appeal has already been filed [DE 80].

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: Via ECF
La Reddola Lester & Associates
Attorneys for Plaintiff