UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

CHRISTINE PANZELLA, Individually and                    13-CV-05640 (JMA)(SIL)
On Behalf of a Class of All Other Persons
Similarly Situated,

                    Plaintiff,

          - against -

COUNTY OF NASSAU, NASSAU
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL J. SPOSATO, Individually and
in his Official Capacity, ROBERT
MASTROPIERI, Individually and in his
Official Capacity, UNKNOWN SHERIFF
#1, with Shield # 116 and UNKNOWN
SHERIFFS #2 through 4

                    Defendants.

--------------------------------------------------------X

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NASSAU COUNTY'S MOTION FOR RECONSIDERATION

CARNELL T. FOSKEY
Nassau County Attorney
Attorney for Defendants
One West Street
Mineola, New York 11501
(516) 571-3046

RALPH J. REISSMAN
Deputy County Attorney
*Of Counsel*

# TABLE OF CONTENTS

**PAGE**

Table of Authorities                                                                i

Preliminary Statement                                                          1

Summary of Facts                                                                  2

ARGUMENT

      POINT I
      UNDER THE *MATHEWS* TEST, THE GOVERNMENT'S
      INTEREST IN ADHERING TO NEW YORK STATE LAW,
      AND IN NOT VIOLATING FAMILY COURT ORDERS,
      OUTWEIGHS THE TWO OTHER *MATHEWS* FACTORS                    5

          Based on the Government's Interest,
          Defendant Prevails in the Mathews Test                               6

      POINT II
      THE SHERIFF'S DEPARTMENT HAS NO STATUTORY
      AUTHORITY TO CONDUCT A POST-DEPRIVATION
      HEARING, AND IS NOT QUALIFIED TO DETERMINE
      WHETHER PLAINTIFF'S LONGARMS SHOULD BE
      RETURNED TO HER                                                                 10

      POINT III
      CONTRARY TO *RAZZANO*, THE SECOND CIRCUIT
      HOLDS THAT AN ARTICLE 78 PROCEEDING PROVIDES
      SUFFICIENT POST-DEPRIVATION DUE PROCESS.
      THUS, PLAINTIFF CAN OBTAIN A COURT ORDER
      DIRECTING THE SHERIFF'S DEPARTMENT TO
      RETURN HER LONGARMS.                                                        15

CONCLUSION                                                                          17

# TABLE OF AUTHORITIES

| **CASES** | **PAGE** |
|---|---|
| *Aloi v. Aloi*, 10 A.D.3d 655, 781 N.Y.S.2d 613 (2d Dept. 2004) | 7, |
| *Aloi v. Nassau County Sheriff's Dept.*, 9 Misc. 3d 1050,<br>800 N.Y.S.2d 873 (Nassau Sup. Ct. 2005) | 7, 12, 13 |
| *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36 (2d Cir. 2012) | 4 |
| *Anemone v. Metropolitan Transportation Authority*<br>629 F.3d 97 (2d Cir. 2011) | 15, 17 |
| *Blauman v. Blauman*, 2 A.D.3d 727, 769 N.Y.S.2d 584 (2d Dept. 2003) | 7 |
| *Engel v. Engel*, 24 A.D.3d 548, 807 N.Y.S.2d 383 (2d Dept. 2005) | 8 |
| *Enstrom v. City of New York*, 17 N.Y.S.2d 964 (App. Div. 1940) | 6 |
| *Gaddy v. Ports America*, 2015 WL 3299693 (S.D.N.Y. June 15, 2015) | 17 |
| *Heriveaux v. Secretary of Defense*, 2015 WL 2379125 (E.D.N.Y. May 18, 2015) | 4 |
| *Hidalgo v. New York*, 2012 WL 3598878 (E.D.N.Y. Aug. 20, 2012) | 4 |
| *Liquifin Aktienfesellchaft v. Brennan*, 446 F. Supp. 914 (S.D.N.Y. 1978) | 6, 7 |
| *Mangino v. Inc. Village of Patchogue*, 814 F. Supp.2d 242 (E.D.N.Y. 2011) | 4 |
| *Mathews v. Eldridge*, 424 U.S. 319 (1976) | 1, 6, 8 |
| *Montalbano v. Port Authority of New York and New Jersey*,<br>843 F. Supp.2d 473 (S.D.N.Y. 2012) | 15, 16, 17 |
| *Nawrocki v. New York State Office of Children and Family Services*,<br>66 F. Supp.2d 337 (W.D.N.Y. 2014) | 16, 17 |
| *Panzella v. County of Nassau*, 2015 WL 5607750 (E.D.N.Y. Aug. 26, 2015) | 1, 2, 4, 5,<br>8, 9, 14, |
| *Razzano v. County of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011) | 1, 2, 5, 10<br>11, 15 |
| *SBC 2010–1, LLC v. Morton,* 2013 WL 6642410 (2d Cir. Dec. 18, 2013) | 4 |

ii

*Sequa Corp. v. GBJ Corp.,* 156 F.3d 136 (2d Cir.1998),
   as amended (July 13, 2012), *cert. denied,* 569 U.S. ——, 133 S.Ct. 1805 (2013)      4

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995)      4

## **FEDERAL RULES OF CIVIL PROCEDURE**

Rule 12(b)(6)      16, 17

Rule 56(c)      1, 17

## **FEDERAL STATUTES**

18 U.S.C. § 922(g)      1, 2, 9

## **LOCAL RULES OF THE EASTERN DISTRICT OF NEW YORK**

Rule 6.3      1, 17

## **UNITED STATES CONSTITUTION**

Fourteenth Amendment      1, 16

## **NEW YORK STATE STATUTES**

Civil Practice Law and Rules, Article 78      6, 10, 15,

County Law § 650      8

Criminal Procedure Law § 1.20(34)      3

Family Court Act Article 8      1, 7

Family Court Act § 812      2

Family Court Act § 821      2

Family Court Act § 842      2

Family Court Act § 842-a      1, 2, 8

Family Court Act § 842-a(5)      7

Penal Law § 265.00(10)      13

Penal Law § 400.00                                    11, 13

Penal Law § 400.00(1)                                     13

Penal Law § 400.00(3)(a)                                  13

## Preliminary Statement

On August 26, 2015, the Hon. Joan M. Azrack issued a Memorandum and Order granting in part and denying part the motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) of defendants, County of Nassau, the Nassau County Sheriff's Department ("Sheriff's Department"), Nassau County Sheriff Michael J. Sposato and Nassau County Deputy Sheriff Robert Mastropieri. *Panzella v. County of Nassau*, 2015 WL 5607750 (E.D.N.Y. Aug. 26, 2015) (hereinafter, the "Order").[1] Pursuant to Local Rule 6.3 of the United States District Court for the Eastern District of New York and the Court's directive issued February 11, 2016, remaining defendant Nassau County ("defendant") respectfully submits this Supplemental Memorandum of Law to its September 4, 2015 motion for reconsideration [DE 81]. Specifically, defendant moves for reconsideration of so much of the Order denying summary judgment on the ground that defendant violated plaintiff Christine Panzella's ("plaintiff") Fourteenth Amendment due process rights. Defendant also moves for reconsideration of that part of the Order directing the Sheriff's Department to conduct a hearing concerning its continued retention of plaintiff's longarms (rifles and shotguns), seized pursuant to a Nassau County Family Court temporary order of protection under the statutory authority of New York Family Court Act § 842-a and 18 U.S.C. § 922(g).

In the Order, the Court overlooked controlling case law and statutory law in its evaluation of the three-part balancing test set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court also incorrectly relied upon *Razzano v. County of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011) as authority to direct the Sheriff's Department to hold a post-

---

[1] In the Order, the Court dismissed individual defendants Nassau County Sheriff and Deputy Sheriff Robert Mastropieri, as well as the Nassau County Sheriff's Office, as party defendants, from the action. Thus, the only remaining defendant is Nassau County.

deprivation hearing on the issue of retaining or returning plaintiff's longarms. Defendant will establish in this motion, first, that its governmental interests in adhering to New York State law and preserving public safety, the third *Mathews* factor, outweigh the two other *Mathews* factors, and that the Court's interpretation of the facts and law does not comport with the statutory mandate, as well as the spirit and intent, of New York's Family Court Act.

Second, defendant will establish that controlling Second Circuit case law, and recent District Court rulings should alter the Court's conclusion that *Razzano* provides authority for the Court to direct the Sheriff's Department to hold a post-deprivation hearing.

Therefore, the Court should grant defendant's motion for reconsideration and, upon reconsideration, grant defendant's motion for summary judgment in its entirety, deny plaintiff's cross-motion for summary judgment, and dismiss the Complaint.

## Summary of Facts

Defendant assumes that the Court is fully familiar with the relevant facts, as set forth in the Order, 2015 WL 5607750, at **1-4. Briefly stated, on June 22, 2012, pursuant to Family Court Act §§ 812 and 821, plaintiff's ex-husband filed a petition for an order of protection against plaintiff in Nassau County Family Court. That same day, a Court Attorney Referee in Family Court issued an *ex parte* temporary order of protection (the "June Order") against plaintiff pursuant to Family Court Act §842-a, to remain in effect through December 21, 2012. The June Order required plaintiff to refrain from performing described forms of violent and threatening behavior against her ex-husband, and contained the federal warning language explaining that, "It is a federal crime to . . . buy, possess or transfer a handgun, rifle, shotgun or other firearm while this Order remains in effect . . . (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262." The Family Court directed "Police Service" of the November Order on plaintiff.

2

Five days later, four deputy sheriffs from the Sheriff's Department served the June Order on plaintiff.[2] After plaintiff informed the deputy sheriffs that she had handguns and longarms in her home, the deputy sheriffs confiscated, among other things, two rifles and two shotguns. One of the deputy sheriffs gave plaintiff a "Property/Firearm Receipt" listing the confiscated items. That receipt did not contain any instructions as to when or how those items might be returned to plaintiff. Plaintiff's two rifles and two shotguns belonging to plaintiff ("plaintiff's longarms") were brought to the Family Court Unit of the Sheriff's Department, inventoried, and transferred to the armory in the Nassau County Correctional Center. Plaintiff's longarms remain at that facility.

On November 27, 2012, after a hearing at which plaintiff appeared, the Family Court extended the November Order to January 22, 2013 ("Extension Order"). The Family Court advised plaintiff of the issuance and contents of the Extension Order, and served a copy of the Extension Order on plaintiff in court. On or around March 6, 2013, plaintiff's ex-husband withdrew his petition for an order of protection, resulting in dismissal of the order of protection proceeding. On several occasions following the dismissal of her ex-husband's petition, plaintiff requested the return of her longarms. The Sheriff's Department, acting on long-standing advice of counsel, has refused to return the longarms "unless and until the Sheriff's Department is served with a court order directing the return." (Aff. Of Capt. Michael R. Golio ¶¶ 6, 16, ECF No. 74-54). As the Court recognized, the Sheriff's Department has a policy of retaining any firearms confiscated in connection with a Family Court order of protection "until the Sheriff's Department receives a court order directing their return ('Retention Policy'). By insisting on a

---

[2] Deputy Sheriffs are classified as "police officers" under New York Criminal Procedure Law § 1.20(34).

court order, defendants effectively require individuals in plaintiff's position to commence an Article 78 proceeding." *Panzella,* 2015 WL 5607750, at \*4.

## **Standard of Review**

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court, ... and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Village of Patchogue,* 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). *See also Hidalgo v. New York,* 2012 WL 3598878, at \*1 (E.D.N.Y. Aug. 20, 2012). Generally, a motion for reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked, matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *SBC 2010–1, LLC v. Morton,* 2013 WL 6642410, at \*1 (2d Cir. Dec. 18, 2013) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998)), as amended (July 13, 2012), *cert. denied,* 569 U.S. ——, 133 S.Ct. 1805 (2013). *See* also *Heriveaux v. Secretary of Defense*, 2015 WL 2379125 (E.D.N.Y. May 18, 2015), at \*1.

4

## ARGUMENT

## POINT I

## UNDER THE *MATHEWS* TEST, THE GOVERNMENT'S INTEREST IN ADHERING TO NEW YORK STATE LAW, AND IN NOT VIOLATING FAMILY COURT ORDERS, OUTWEIGHS THE TWO OTHER *MATHEWS* FACTORS.

As the Court recognized, there is no dispute that plaintiff has a property interest in her longarms, and that the Sheriff's Department's retention of plaintiff's longarms deprives her of that interest. Further, defendant concedes that its retention of plaintiff's longarms after the expiration of the Extension Order is pursuant to defendant's policy and practice. Thus, in the Order, the Court focused on what process is due to plaintiff under the three-factor balancing test set forth in *Mathews*, and determined that the holding in *Razzano*, wherein the court directed the Nassau County Police Department to conduct a post-deprivation before a neutral decision-maker after seizing and retaining plaintiff Gabriel Razzano's longarms, is applicable to this case involving plaintiff's longarms. The Court stated:

> Although *Razzano* addressed factually distinct circumstances, the Court finds *Razzano* persuasive and believes that its broader logic should apply here. Notably, other than defendants' unconvincing argument that a court order is required for release of plaintiff's longarms, defendants have not articulated any basis for retaining plaintiff's longarms. Accordingly, the Court concludes that, upon expiration of the Extension Order, plaintiff should have been afforded a hearing consistent with the principles set forth in *Razzano*.

*Panzella,* 2015 WL 5607750, at *7.

Defendant respectfully submits that the Court overlooked controlling case law and statutory law, and that the holding in *Razzano* not only is inapplicable here, but that it is contradicted by Second Circuit and subsequent District Court decisions which hold that a hearing

5

is *not* required, and that New York's Article 78 proceeding under the New York Civil Practice Law and Rules provides sufficient post-deprivation due process to one in plaintiff's position.

## Based on the Government's Interest, Defendant Prevails in the *Mathews* Test

The three factors to be balanced in applying the *Mathews* test are:

1. The private interest that will be affected by the official action.

2. The risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and

3. The Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

In this case, as articulated in defendant's Memorandum of Law in support of its motion for summary judgment, Nassau County's compelling interest is in adhering to well-established New York law that the Sheriff's Department, in confiscating firearms from respondents in orders of protection, merely serves as the civil enforcement officer of the Family Court, and that to return plaintiff's longarms without further court order would exceed and violate the Family Court's directives.

> The sheriff is an elected county officer. County Law § 180. . . . He serves the court's process and executes its mandates. He is, in effect, an arm of the court. . . . He personally was expressly charged with all the duties and responsibilities of the office. He was "identical, in contemplation of law, with all his officers, and is (was) civilly and directly responsible for their acts, defaults, torts, extortions or other misconduct, whether it be willful or inadvertent, in the course of the execution of their duties." *Matter of Flaherty v. Milliken*, 193 N.Y. 564 (N.Y. 1908); *Matter of Grifenhagen v. Ordway*, 218 N.Y. 451 (N.Y. 1916).

*Liquifin Aktienfesellchaft v. Brennan*, 446 F. Supp. 914, 918 (S.D.N.Y. 1978), quoting *Enstrom v. City of New York*, 17 N.Y.S.2d 964, 967 (N.Y. App. 2d Dep't 1940). Moreover:

6

> New York decisions recognize that the sheriff is the principal civil
> enforcement officer of the court. *See, e. g., Hanley v. City of New
> York*, 250 App.Div. 552, 553, 295 N.Y.S. 1002, 1004 (1st Dep't),
> *aff'd per curiam*, 275 N.Y. 482, 11 N.E.2d 308 (1937), wherein the
> court noted the sheriff's "classifi(cation) as a state officer and a
> part of the state judicial system as far back as the Revised Statutes
> of 1829 . . . ." See N.Y. Judiciary Law s 400 et seq. (McKinney
> 1968 & McKinney Cum.Supp.1977-1978). The present statute
> codifies the sheriff's common law function "as an officer of the
> court and conservator of the peace within the county." N.Y.
> County Law s 650 (McKinney 1972). Many of the statutory rules
> for the New York State courts . . . are dependent upon the actions
> of the sheriff for their enforcement.

*Liquifin*, 446 F. Supp. at 918, citing N.Y. Judiciary Law §§ 750 et seq., which includes the

Family Court Act at Article 8. Thus, the Sheriff's Department is mandated to adhere to the

jurisdictional powers of the Family Court and, as explained below, cannot exceed the Family

Court's jurisdiction by returning plaintiff's longarms without the express order of a court of

competent jurisdiction.

There is no question that while the Family Court has jurisdiction to direct the Sheriff to

confiscate firearms from the respondent in an order of protection, Family Court Act § 842-a(5), it

has no jurisdiction to direct the Sheriff to return the seized longarms. *Engel v. Engel*, 24 A.D.3d

548, 807 N.Y.S.2d 383 (N.Y. App. 2d Dept. 2005); *Aloi v. Aloi*, 10 A.D.3d 655, 781 N.Y.S.2d

613 (N.Y. App. 2d Dept. 2004) ("*Aloi* I"); *Aloi v. Nassau County Sheriff's Dept.*, 9 Misc.3d

1050, 800 N.Y.S.2d 873 (Sup. Ct. Nassau Co. 2005) ("*Aloi* II"); *Blauman v. Blauman*, 2 A.D.3d

727, 769 N.Y.S.2d 584 (N.Y. App. 2d Dept. 2003). The courts have referred to this anomaly to a

"legislative glitch" in the statute, *see, e.g.*, *Aloi* I.

Here, in plaintiff's case, it was the Family Court, not the Sheriff's Department, which

determined that plaintiff presented the threat of violence against her ex-husband, by issuing the

June Order and the Extension Order in 2012. Since the Family Court has no jurisdiction to direct

the Sheriff to return plaintiff's longarms, as an officer of the Family Court, the Sheriff has no power to exceed the jurisdiction of the Family Court by returning plaintiff's longarms to her. Thus, even if the Sheriff's Department were to conduct a hearing as directed by this Court (which it cannot do) and return plaintiff's longarms to her, the Sheriff's Department would be in violation of both the June Order and the Extension Order. As a consequence, in applying the *Mathews* balancing test, defendant's interest in adhering to, and not violating, the Family Court's orders by retaining plaintiff's longarms outweighs the other two *Mathews* factors.

This Court held in its Order that "The Family Court did not expressly order plaintiff to surrender (or defendants to confiscate) her longarms pursuant to §842-a or pursuant to federal law," and that the "federal warning language found in the Order [of protection] was a mere admonition," *Panzella*, 2015 WL 5607750, at \*7. The Court further held that "the 'legislative glitch' in §842-a is not relevant here," *id.*, and made a point that "Unlike the [June] Order, the Family Court judge's signature on the Extension Order came after the language stating that it was a federal crime for plaintiff to possess a handgun, rifle, shotgun, or other firearm or ammunition." *Id.* at \*4 n. 8.

Defendant respectfully submits that to focus on minor technicalities is to ignore the intent and spirit of the Family Court Act and specifically § 842-a, which is to prevent domestic violence by authorizing the Sheriff's Department to confiscate dangerous weapons from respondents in a Family Court proceeding, in which an order of protection has been issued. As stated above, the Sheriff is "an officer of the court and conservator of the peace within the county." County Law § 650. On June 27, 2012, when they served the June Order, the deputy sheriffs asked plaintiff whether she owned any firearms. Upon being advised by plaintiff that she did indeed have two rifles and three shotguns in her home, it would have been the utmost

8

dereliction of duty for the deputy sheriffs to simply depart, leaving plaintiff with her longarms in

the face of the Family Court order clearly containing the federal warning language of 18 U.S.C.

§ 922(g). As this Court recognized in the Order:

> Firearms and domestic violence are far too often a deadly
> combination:
>
>> This country witnesses more than a million acts of
>> domestic violence, and hundreds of deaths from domestic
>> violence, each year. Domestic violence often escalates in
>> severity over time, and the presence of a firearm increases
>> the likelihood that it will escalate to homicide[.] "[A]ll too
>> often," as one Senator noted during the debate over [18
>> U.S.C.] § 922(g)(9), "the only difference between a
>> battered woman and a dead woman is the presence of a
>> gun."
>
> *United States v. Castleman,* —— U.S. ——, —— – ——, 134 S.Ct.
> 1405, 1408–09, 188 L.Ed.2d 426 (2014) (citations and footnote
> omitted).
>
> Against this backdrop, when the Family Court finds it necessary to
> enter a temporary order of protection, such an order constitutes an
> acknowledgment that a volatile situation may be afoot. And, when
> an order of protection expires or is vacated because the petitioner
> has withdrawn a petition, the termination of those proceedings
> does not, of course, necessarily indicate that the underlying
> problems between the parties have been fully defused.

*Panzella,* 2015 WL 5607750, at \*\*10-11.

Defendant respectfully submits that in confiscating plaintiff's longarms, the deputy

sheriffs were simply carrying out the mandate of the Family Court's June Order in both the letter

and spirit of the law, *i.e.*, to preserve the public peace and prevent domestic violence, and to

enforce 18 U.S.C. § 992(g). To label §922(g) as a "mere admonition" not giving the Sheriff's

Department authority to remove firearms, is a strained reading belittling the threat of violence

which the deputy sheriffs were ordered by the Family Court to prevent. Similarly, for the Court

to belabor whether the § 922(g) language is placed above or below the Family Court judge's

signature in the June Order is to ignore the clear intent of the order itself, which is for the Sheriff's Department to prevent domestic violence based solely on the Family Court's assessment of the danger presented by the respondent.

For the Sheriff to return plaintiff's longarms without further court order would violate and exceed the scope of the Family Court's June Order and Extension Order, and expose the Sheriff's Department to the charge of contempt of court. Instead, as stated in defendant's motion for summary judgment, and explained further below, plaintiff's remedy is to seek a court order from a court of competent jurisdiction, for example, by way of commencing an Article 78 proceeding.

**POINT II**

**THE SHERIFF'S DEPARTMENT HAS NO STATUORY AUTHORITY TO CONDUCT A POST-DEPRIVATION HEARING, AND IS NOT QUALIFIED TO DETERMINE WHETHER PLAINTIFF'S LONGARMS SHOULD BE RETURNED TO HER.**

In the Order, the Court directed the Sheriff's Department to hold a hearing on its retention of plaintiff's longarms, relying on *Razzano.* In that case, the Nassau County Police Department investigated a threat of violence presented by plaintiff Gabriel Razzano, and determined that his continued possession of firearms, both handguns and longarms, presented a threat to public safety. *Razzano*, 765 F. Supp. 2d at 180-81. In moving for summary judgment, defendant Nassau County argued that that Razzano was afforded due process (1) by filing an application with the Police Department's Pistol License Section for reinstatement of his handgun license, and (2) by commencing an Article 78 proceeding in Nassau County Supreme Court, to obtain a judicial determination of whether the Police Department's retention of his longarms was arbitrary or capricious. *Id.* at 186. Applying the *Mathews* three-factor balancing test, the

10

*Razzano* court concluded that due process required a prompt post-deprivation hearing, and that an Article 78 proceeding was not a satisfactory alternative. *Id.* at 188-89.

Here, in the case of Christine Panzella, this Court stated that "[T]he Court finds *Razzano* persuasive and believes that its broader logic should apply here." *Panzella*, 201 WL 5607750, at \*7. Defendant respectfully submits that the Court overlooked controlling decisions and facts which should alter the Court's conclusion, and reverse its order that the Sheriff's Department must hold a post-deprivation hearing.

First, in contrast to *Razzano*, the Sheriff's Department did not confiscate plaintiff's weapons based on assessment of the danger plaintiff presented to her ex-husband, which caused the Family Court to issue its June Order and Extension Order against plaintiff under Article 8 of the Family Court Act. Rather, the Sheriff's Department made no assessment of the danger presented by plaintiff, but merely enforced the language of two orders (including the language of the federal law) and secured plaintiff' weapons for safekeeping. In fact, unlike the situation in *Razzano* wherein the Police Department made the assessment of danger Mr. Razzano presented, the Sheriff's Department had, and has, no knowledge of any of the facts or allegations made in the Family Court proceeding against plaintiff which resulted in the Family Court judge directing confiscation. Further, Family Court records are sealed, thereby preventing the Sheriff's Department from investigating the facts, circumstances or parties involved which caused the Family Court to issue the two orders or protection.

Second, unlike the Police Department, which has the authority to regulate the issuance of and revocation of handguns under New York Penal Law §400.00, and conduct hearings if so desired, the Sheriff's Department has absolutely no authority under any statute, regulation or local law to conduct a hearing. The Sheriff's Department does not have any subpoena power to

11

secure necessary parties or witnesses, or any authority to take testimony under oath. Therefore, the Sheriff's Department would not be able to conduct a hearing that comports with either procedural or substantive due process.

Further, the Sheriff's Department has no authority to seek any medical or mental health provider information regarding the individual who seeks return of her weapons, such as some form of documentation certifying that the individual is of sound mental health. The Sheriff's Department has no authority to compel such individual to provide HIPPA releases, and nobody employed by the Sheriff's Department is capable of rendering a professional judgment as to the individual's mental health justifying return of her weapons. Again, it was the Family Court, not the Sheriff's Department, which assessed and judged the danger presented by plaintiff in 2012. The existing "legislative glitch" which fails to provide Family Court the power to order return of the confiscated weapons does not compel the conclusion that the Sheriff's Department is in the equivalent position of a Family Court Judge to assess the fitness of a gun owner to have her weapons returned. There is no statutory authority for the Sheriff's Department to make that assessment, whether by holding a hearing or otherwise, not does the Sheriff's Department have the expertise to determine whether plaintiff's longarms should be returned.

In *Aloi* II, the gun owner applied to the Nassau County Supreme Court, Justice Zelda Jonas, pursuant to Article 78, for an order directing the Sheriff's Department to release the seized firearms. The court denied the application without prejudice to renew in Family Court, basing its decision upon the theory that the Family Court was better capable of deciding the issue since the history and appropriate records of alleged violence had been before the Family Court when the order of protection was first issued, the seizure of firearms was first ordered, and the order of protection was subsequently vacated by the Family Court. After the gun owner's petition to the

Family Court for an order directing the Sheriff's Department was denied due to Family Court's lack of jurisdiction, *see Aloi* I, Justice Jonas stated:

> Since there is no law and no enabling legislation directing the Family Court judge to order the return of the firearms, the burden is put on this Court, *which does not have the comparable knowledge or background on cases litigated in Family Court.*

*Aloi* II, 800 N.Y.S.2d at 874 (emphasis added).

This same logic applies directly in this case. The Sheriff's Department has absolutely no knowledge of the circumstances under which the Family Court issued the orders of protection, and has no knowledge whatsoever on the status of plaintiff's current relationship with her ex-husband, or whether any danger of domestic violence still exists. As explained above, the Sheriff's Department has no statutory authority to conduct a hearing as to plaintiff's competence to possess firearms. Whether plaintiff has the resources or intent to purchase or procure longarms *in addition* to those currently held by the Sheriff's Department is beyond the scope its duties under the Family Court Act.

By contrast, the Police Department is empowered by statute to investigate applicants for ownership of handguns, and is therefore authorized, unlike the Sheriff's Department, to conduct hearings if desired. New York Penal Law § 400.00, "Licenses to carry, possess, repair and dispose of firearms," subsection 400.00(1), "Eligibility," provides that "No license shall be issued or renewed pursuant to this section expect by the licensing officer, *and then only after investigation* and finding that all statements in a proper application are true." (Emphasis added.) Pursuant to Penal Law § 265.00(10), " 'Licensing officer' means . . . in the county of Nassau, the police commissioner of that county[.]' " Under Penal Law § 400.00(3)(a), "Applications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city, or county, as the case may be, where the applicant resides, is

13

principally employed or has his or her principal place of business as merchant or storekeeper[.]" Thus, the Nassau County Police Commissioner is statutorily required to investigate all applications for handguns. While this requirement does not apply to longarms, the foregoing statutes are instructive: The Police Department has the statutory authority to conduct investigations regarding firearms, while the Sheriff's Department does not. Therefore, the Court made a flawed comparison of the Sheriff's Department to the Police Department in stating,

> Although defendants indirectly suggest they are not competent to determine whether to return one's firearms, the Court notes that the County's police department makes these very determinations in connection with *Razzano* hearings and pistol licensing decisions.

*Panzella*, 2015 WL 5607750 at *7 n. 13. In fact, the Sheriff's Department has no such authority to hold hearings as is accorded the Police Department under Penal Law § 400.00.

Moreover, by directing the Sheriff's Department to made a decision based on a hearing with no statutory authority, the Court is transferring liability for any potential violent action by plaintiff using her returned longarms from persons who are protected by judicial immunity under the law regarding the confiscation of firearms, *i.e.*, the Family Court judges acting pursuant to the Family Court Act, to the Sheriff's Department. The Court expressly held that "The doctrine of quasi-judicial immunity *does not* apply to defendants[.]" *Panzella*, 2015 WL 5607750, at *8. (Emphasis added). Further, while the Court held that the individual defendants in this case (Sposato and Mastropieri) are protected by qualified immunity," *id.* at **10-11, if this Court's Order stands, individual members of the Sheriff's Department will be deprived of qualified immunity in the future based on the Court's determination that the June Order and Extension Order did not authorize the deputy sheriffs to confiscate plaintiff's longarms, in that the "federal warning language" was a mere admonition, and that by retaining the longarms, defendants violate a gun owner's due process rights.

In sum, the Court should recognize that the Sheriff's Department has no statutory authority to hold a post-deprivation hearing at which witnesses can be compelled to testify by subpoena, nor does any employee of the Sheriff's Department have the knowledge or expertise to determine whether plaintiff's longarms should be returned to her. Accordingly, defendant respectfully submits that the Court should reverse its order that the Sheriff's Department conduct a post-deprivation hearing.

## POINT III

**CONTRARY TO *RAZZANO*, THE SECOND CIRCUIT HOLDS THAT AN ARTICLE 78 PROCEEDING PROVIDES SUFFICIENT POST-DEPRIVATION DUE PROCESS. THUS, PLAINITFF CAN OBTAIN A COURT ORDER DIRECTING THE SHERIFF'S DEPARTMENT TO RETURN HER LONGARMS.**

In relying on *Razzano* as authority for directing the Sheriff's Department to hold a post-deprivation hearing, the Court overlooked controlling Second Circuit case law that contradicts *Razzano*. The *Razzano* court held that compelling the gun owner (Mr. Razzano) to commence an Article 78 proceeding for the return of his longarms violated due process. *Razzano*, 765 F. Supp.2d at 188-89. However, in *Anemone v. Metropolitan Transportation Authority*, 629 F.3d 97, 121 (2d Cir. 2011), the Second Circuit held that "[a]n Article 78 proceeding provides the requisite due process – even if [the plaintiff] failed to pursue it."

The Second Circuit's holding in *Anemone* has been relied upon by District Courts as authority in denying claims of due process violations for deprivation of a property interest, holding that the Article 78 proceeding provides sufficient due process. For example, in *Montalbano v. Port Authority of New York and New Jersey*, 843 F. Supp.2d 473 (S.D.N.Y. 2012), a former officer with the Port Authority Police Department ("PAPD") brought an action claiming violation of his due process rights when the PAPD refused to issue a certificate of good

standing to the officer for his use in obtaining a firearms permit. Applying the *Mathews* balancing test, the court denied plaintiff Montalbano's Fourteenth Amendment due process claim, and held that an Article 78 proceeding provides due process:

> Whatever level of process was due in this case, it was available in the form of an Article 78 proceeding before the New York State Supreme Court. *See* N.Y. CPLR § 7803. It is settled law in this Circuit that "[a]n Article 78 proceeding provides the requisite post-deprivation process—even if [a plaintiff] failed to pursue it." *Anemone v. Metropolitan Transp. Authority,* 629 F.3d 97, 121 (2d Cir.2011); *see Segal v. City of New York,* 459 F.3d 207, 218 (2d Cir.2006). Here, [plaintiff] Montalbano could have challenged the gun restriction as an arbitrary and capricious determination pursuant to N.Y. CPLR § 7803(3), which would have entitled him to a full hearing, and possibly a trial, before a New York State Supreme Court Justice with the power to annul the Port Authority's decision. *See* N.Y. CPLR § 7806; *see generally Hellenic American Neighborhood Action Committee v. City of New York,* 101 F.3d 877, 881 (2d Cir.1996). Montalbano chose not to avail himself of that process.

843 F. Supp.2d at 485 (footnote omitted).

Similarly, in *Nawrocki v. New York State Office of Children and Family Services*, 66 F. Supp.2d 337 (W.D.N.Y. 2014), a former employee of a state agency sued her employer and supervisor, asserting federal civil rights claims for alleged deprivation of due process arising from her termination. In granting defendant's Rule 12(b)(6) motion to dismiss the complaint, the court stated:

> The law in this circuit is equally clear that the availability of a post-termination Article 78 proceeding will defeat a stigma-plus claim, regardless of whether the plaintiff actually filed an Article 78 petition. *See, e.g., Anemone,* 629 F.3d at 121 ("An Article 78 proceeding provides the requisite post-deprivation process—even if Anemone failed to pursue it") (citing *Giglio v. Dunn,* 732 F.2d 1133, 1135 (2d Cir.1984)); *Segal,* 459 F.3d at 218 n. 10 ("where, as here, the plaintiff had available adequate process, she cannot be said to have been deprived of due process simply because she failed to avail herself of the opportunity") (internal quotes and alterations omitted). Since plaintiff has alleged neither that she

> sought Article 78 review nor that she was prevented from doing so,
> her due process claim must be dismissed

66 F. Supp.3d at 340 (footnote omitted). *See also Gaddy v. Ports America*, 2015 WL 3299693,

at *8 (S.D.N.Y. June 15, 2015) (quoting *Anemone* in granting Rule 12(b)(6) motion to dismiss

claim that suspension of plaintiff's security officer license, a property interest, without a post-

deprivation hearing deprived him of due process, and stating that Article 78 proceeding provided

sufficient due process).

There is no evidence in the record before this Court that plaintiff Panzella ever

commenced an Article 78 proceeding against the Sheriff's Department. Plaintiff had

available adequate process, and she cannot now be said to have been deprived of due process

simply because she failed to avail herself of that opportunity. *Anemone*, 629 F.3d at 121;

*Montalbano*, 843 F. Supp.2d at 485; *Nawrocki*, 66 F. Supp.3d at 340; *Gaddy*, 2015 WL 3299693,

at *8.

## CONCLUSION

For all the foregoing reasons, defendant Nassau County respectfully requests that the

Court grant its motion for reconsideration pursuant to Local Civil Rule 6.3 and, upon

reconsideration, grant defendant's motion for summary judgment pursuant to Fed. R. Civ. P.

56(c) in its entirety and dismiss the Complaint, together with all such other and further relief as

the Court deems just and proper.

Dated: Mineola, New York
February 25, 2016

CARNELL T. FOSKEY
Nassau County Attorney

By: /s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

One West Street
Mineola, New York 11501
(516) 571-3046

18