UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHRISTINE PANZELLA, Individually and
On Behalf of a Class of All Other Persons
Similarly Situated,

                    Plaintiff,

- against -

COUNTY OF NASSAU, NASSAU
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL J. SPOSATO, Individually and
in his Official Capacity, ROBERT
MASTROPIERI, Individually and in his
Official Capacity, UNKNOWN SHERIFF
#1, with Shield # 116 and UNKNOWN
SHERIFFS #2 through 4

                    Defendants.
---------------------------------------------------------X

13-CV-05640 (JMA)(SIL)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NASSAU COUNTY'S MOTION FOR RECONSIDERATION

CARNELL T. FOSKEY
Nassau County Attorney
Attorney for Defendants
One West Street
Mineola, New York 11501
(516) 571-3046

RALPH J. REISSMAN
Deputy County Attorney
*Of Counsel*

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Preliminary Statement | 1 |
| ARGUMENT | |
| POINT I<br>THE STATUTORY POWERS OF THE POLICE DEPARTMENT REGARDING ISSUANCE OF HANDGUN LICENSES ARE COMPLETELY SEPARATE FROM THE SHERIFF'S POLICY OF RETAINING LONGARMS SEIZED PURSUANT TO FAMILY COURT ORDERS OF PROTECTION | 3 |
| POINT II<br>PLAINTIFF'S ATTEMPT TO DISTINGUISH CASE LAW HOLDING THAT ARTICLE 78 PROCEEDINGS PROVIDE SUFFICIENT DUE PROCESS, FAILS | 6 |
| CONCLUSION | 7 |

**Preliminary Statement**

Defendant County of Nassau[1] ("defendant") respectfully submits this Reply Memorandum of Law in further support of its motion pursuant to Local Rule 6.3, for reconsideration of that part of the Court's Memorandum and Order, *Panzella v. County of Nassau*, 2015 WL 5607750 (E.D.N.Y. Aug. 26, 2015) (the "Order"), which denied defendant's motion for summary judgment, finding that defendant violated plaintiff Christine Panzella's ("plaintiff") Fourteenth Amendment due process rights, and directed the Nassau County Sheriff's Department to hold a post-deprivation hearing as to the return of plaintiff's longarms. Specifically, this Reply Memorandum is submitted in response to plaintiff's Supplemental Memorandum of Law in Opposition to Defendant Nassau County's Motion for Reconsideration [DE 101] (hereinafter, "Pl. Mem.")

In defendant's Supplemental Memorandum of Law [DE 100], defendant established three points supporting reconsideration:

1. Under the Supreme Court's three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), defendant's interest in adhering to well established New York state statutory and case law, and in not violating New York Family Court orders, outweighs the remaining two *Mathews* factors.

2. The Sheriff's Department has no statutory authority to conduct a post-deprivation hearing, and is not qualified to determine whether plaintiff's longarms should be returned to her.

3. Under established Second Circuit case law, plaintiff's proper remedy in seeking return of her longarms is to commence an Article 78 proceeding under the New York Civil Practice

---

[1] In the Court's August 26, 2015 Memorandum and Order, the Court dismissed individual defendants Nassau County Sheriff and Deputy Sheriff Robert Mastropieri, as well as the Nassau County Sheriff's Office, as party defendants, from the action. Thus, the only remaining defendant is Nassau County.

1

Law and Rules ("CPLR"). This Court's reliance on *Razzano v. County of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011) is misplaced, since Second Circuit and district court cases subsequent to *Razzano* establish that the Article 78 proceeding provides adequate due process, even if plaintiff chose not to avail herself of that process. *See Anemone v. Metropolitan Transportation Authority*, 629 F.3d 97 (2d Cir. 2011) ("[a]n Article 78 proceeding provides the requisite due process – even if [the plaintiff] failed to pursue it."); *Montalbano v. Port Authority of New York and New Jersey*, 843 F. Supp.2d 473, 485 (S.D.N.Y. 2012) ("[Plaintiff] could have challenged the gun restriction as an arbitrary and capricious determination pursuant to N.Y. CPLR § 7803(3), which would have entitled him to a full hearing, and possibly a trial, before a New York State Supreme Court Justice with the power to annul the [government's] decision."); *Nawrocki v. New York State Office of Children and Family Services*, 66 F. Supp.2d 337, 340 (W.D.N.Y. 2014) (quoting *Anemone*, that Article 78 proceeding provides sufficient post-deprivation due process); *Gaddy v. Ports America*, 2015 WL 3299693 at *8 (S.D.N.Y. June 15, 2015) (quoting *Anemone*, that Article 78 proceeding provides sufficient post-deprivation due process). *See also Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.").

# ARGUMENT

## POINT I

### THE STATUTORY POWERS OF THE POLICE DEPARTMENT REGARDING ISSUANCE OF HANDGUN LICENSES ARE COMPLETELY SEPARATE FROM THE SHERIFF'S POLICY OF RETAINING LONGARMS SEIZED PURSUANT TO FAMILY COURT ORDERS OF PROTECTION

Plaintiff's argument that restoration of plaintiff's handgun license by the Nassau County Police Department obligates the Sheriff's Department to return her longarms is spurious, and must be rejected. Plaintiff makes a false comparison between the policies and statutory powers of the Police Department with those of the Sheriff's Department. The two different agencies do *not* have comparable statutory powers or obligations as concerns handguns and longarms.

Penal Law § 400.00 regulates the issuance of handgun licenses in New York State. Penal Law § 400.00(3)(a) provides that applications for handgun licenses "shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city, or county, as the case may be, where the applicant resides[.]" Under Penal Law § 265.00(10), "Licensing officer" "means . . . in the county of Nassau the commissioner of police of that county[.]" Pursuant to Penal Law § 400.00(4), "Investigation," "Before a license is issued or renewed, there shall be an investigation of all statements required in the application by *the duly constituted police authorities* of the locality where such application is made[.]" (Emphasis added.)

By contrast, the Sheriff's Department has no statutory authority to investigate the qualifications of owners of longarms confiscated pursuant to Family Court order of protection such as were issued against plaintiff in this case. Neither does the Sheriff's Department have the authority to violate Family Court orders of protection directing the confiscation of firearms from

3

respondents in Family Court proceedings, by returning them to such respondents, even after such orders have expired or been vacated, without further court order. As is the case in all instances where the Family Court makes an assessment of the danger presented by the respondent in issuing an Order of Protection or Temporary Order of Protection, it is the Family Court Judge, not the Sheriff's Department, who is qualified to direct the Sheriff's Department to seize and retain firearms from the respondent. *See Aloi v. Aloi*, 10 A.D.3d 655, 781 N.Y.S.2d 613 (N.Y. App. Div. 2004); *Aloi v. Nassau County Sheriff's Dept.*, 9 Misc. 3d 1050, 800 N.Y.S.2d 873 (Nassau Sup. Ct. 2005); *Blauman v. Blauman*, 2 A.D.3d 727, 769 N.Y.S.2d 584 (N.Y. App. Div. 2003); *Engel v. Engel*, 24 A.D.3d 548, 807 N.Y.S.2d 383 (N.Y. App. Div. 2005).

Plaintiff argues, with no statutory support, that because the Police Department restored plaintiff's pistol license, the Sheriff's Department must return her longarms. Plaintiff opines, "As a matter of course, the return of pistol license and handgun would cause the Sheriff to return and rifles and shotguns if they were seized . . . [s]ince the individual had now been cleared under the more stringent pistol license rules." Pl. Mem. 4. Again, there is no equivalence between the Police Department's authority to issue handgun licenses, and the Sheriff Department's obligation to obey Family Court orders directing the confiscation, but not the return, of longarms seized under Family Court orders of protection.

Simply put, the responsibilities and actions of the Police Department with respect to handgun licenses are completely separate and apart from the responsibilities and actions of the Sheriff's Department in seizing and retaining longarms pursuant to Family Court orders. Plaintiff is correct in stating that a handgun owner may have to commence an Article 78 proceeding against the Police Department for return of her handgun license, and also commence a separate Article 78 proceeding against the Sheriff's Department for return of her longarms. Pl.

Mem. 5. The two Article 78 proceedings are completely separate, and seek two completely separate claims for relief, one against the Police Department for a handgun license, and the other against the Sheriff's Department for return of longarms. The fact that a person owns both handguns and longarms does not compel the conclusion that the Police Department's and the Sheriff's Department's legal obligations are equivalent. Whether Police Department policies have changed after the *Razzano* case was decided, is irrelevant to the Sheriff's Department's policy of retaining longarms seized pursuant to Family Court orders of protection, particularly with regard to requiring the Sheriff's Department to hold a hearing.

Plaintiff argues that because she has purchased new longarms, has had her pistol license restored and is capable of purchasing additional firearms, the "governmental safety interest is clearly diminished," Pl. Mem., 7, 9. This misses the crux of defendant's position that under the *Mathews* test, the Sheriff's Department's interest in adhering to New York Family Court statutes, as interpreted by numerous courts of this state, outweighs plaintiff's interest in return of her longarms. *See* defendant's Supplemental Memorandum of Law, pp. 5-10. Whether plaintiff obtains new firearms is not the concern of the Sheriff's Department. What is of concern is not violating Family Court orders of protection, and returning longarms without further court order.

Plaintiff cites Penal Law § 400.05(6) for the proposition that the Sheriff's Department "does not require to be ordered to return firearms under this section for the 'sale, or transfer, of such firearm' under this statute." Plaintiff again fails to perceive the Sheriff's Department's overriding interest, which is to avoid violating Family Court orders directing the seizure of firearms pursuant to orders of protection, and returning them *to the respondent*. If such respondent's longarms are sold or transferred to someone *other* than the Family Court respondent, the Sheriff's Department is *not* violating the order of protection. For this reason,

plaintiff's reliance on § 400.05(6) is misplaced, since this statute does not address the issue before this Court, namely, whether the Sheriff's Department may disregard Family Court orders in violation of New York State law. The answer is "no."

## POINT II

### PLAINTIFF'S ATTEMPT TO DISTINGUISH CASE LAW HOLDING THAT ARTICLE 78 PROCEEDINGS PROVIDE SUFFICIENT DUE PROCESS, FAILS

Plaintiff attempts to evade the clear holdings of the cases cited in Point III of defendants' Supplemental Memorandum of Law, that Article 78 proceedings provide sufficient post-deprivation due process. In fact, plaintiff concedes that "all three of these cases [*Anemone, Montalbano* and *Nawrocki*] do stand for such a proposition[.]" Pl. Mem. p. 13. Plaintiff argues that these three cases are inapposite since they did not deal with property interests. However, all three cases addressed Fourteenth Amendment due process claims, just as plaintiff Panzella does in this action. That the three cases addressed due process claims not directed to property interests *per se* is the classic "distinction without a difference." Second Circuit case law, even post-*Razzano*, is clear plaintiff's proper remedy was to commence an Article 78 proceeding against the Sheriff's Department for return of her longarms. That plaintiff chose not to avail herself of that process, nor was she prevented from doing so, does not support a finding that defendant violated her Fourteenth Amendment due process rights.

## CONCLUSION

For all the foregoing reasons, defendant Nassau County respectfully requests that the Court grant its motion for reconsideration pursuant to Local Civil Rule 6.3 and, upon reconsideration, grant defendant's motion for summary judgment pursuant to Fed. R. Civ. P.

56(c) in its entirety and dismiss the Complaint, together with all such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
      March 17, 2016

**CARNELL T. FOSKEY**
Nassau County Attorney

By: /s/ Ralph J. Reissman
    RALPH J. REISSMAN
    Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3046